IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOREHEI PIERCE,

    Plaintiff,

    v.

(FNU) CANNON, *et al.*,

    Defendants.

Case No. 24-4033-JAR-ADM

**REPORT AND RECOMMENDATION**

Pro se plaintiff Morehei Pierce brings this action under 42 U.S.C. § 1983 against defendants J. Cannon in his capacity as an agent of Enforcement, Apprehensions and Investigations ("EAI") at El Dorado Correctional Facility ("EDCF"); (fnu) Gorman in his capacity as an officer at EDCF; Kris Kobach, in his capacity as Kansas Attorney General; Jeff Zmuda, in his capacity as the Secretary of the Kansas Department of Corrections; and William Waddington, in his capacity as the former Warden of EDCF. (ECF 1.) The court previously granted Pierce leave to proceed in forma pauperis ("IFP"), but directed the U.S. Marshal Service to withhold service of process until the court screened the complaint for merit under 28 U.S.C. § 1915(e)(2)(B). (ECF 6.) As discussed in further detail below, upon screening, the court now recommends that the district judge dismiss Pierce's claims against Kobach and Zmuda, but allow his claims against Cannon, Gorman, and Waddington to proceed.

    **I.**    **LEGAL STANDARDS**

When a plaintiff proceeds IFP, the court may screen the complaint under § 1915(e)(2)(B). The court must dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of

§ 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

Because Pierce is proceeding pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). In so doing, however, the court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

## II.   ANALYSIS

According to Pierce's complaint, Pierce was incarcerated at EDCF in November 2020 when he was sexually assaulted by another prisoner, Benny Smith, "who was in prison for rape and a known sexual predator" and who had threatened Pierce with a shank when he was first placed in a cell with Smith. (ECF 1, at 4-5.) Pierce alleges that he immediately reported the incident to Officer Gorman, who stated that "he didn't give a fuck." (*Id.* at 5.) Pierce alleges that he was ultimately moved out of the cell by mental health personnel and "later he was examined by medical staff who confirmed that he had been sexually assaulted." (*Id.*) He further alleges that defendant Cannon, who conducted an investigation of the alleged assault, "did a 'cover up' and said plaintiff wasn't assaulted" because of Officer Gorman's "actions." (*Id.* at 5, 8.) Pierce, who now lives in Alabama, states that, on March 7, 2024, medical professionals in Alabama examined him and told him, after reviewing x-rays, that "he had damages to his lower extremities," which Pierce believes is due to the sexual assault in 2020. (*Id.* at 4.) Pierce states that he continues to incur medical bills associated with the rape, embarrassment, and humiliation, and he requests $10,000,500,000 in compensation. (*Id.* at 6.)

The court construes Pierce's complaint as asserting an Eighth Amendment claim for deliberate indifference arising from Cannon, Gorman, and Waddington's failure to take adequate steps to protect him from being sexually assaulted by his cellmate and failure to conduct a serious investigation and response when made aware of the sexual assault. Under the Eighth Amendment, "[p]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see Hudson v. Palmer*, 468 U.S. 517, 536 (1984) ("[Prison officials] are under an obligation to take reasonable measures to guarantee the safety of the inmates themselves."). To establish a cognizable Eighth Amendment claim for failure to protect, a plaintiff must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component" and (2) "that the prison official was deliberately indifferent to his safety, the subjective component." *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) (citing *Farmer*, 511 U.S. at 834).

Sexual assault in prison, if substantiated, is sufficiently serious to satisfy the objective prong of an alleged Eighth Amendment violation. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) ("Clearly plaintiffs' deprivations resulting from the sexual assaults are sufficiently serious to constitute a violation under the Eighth Amendment."). The subjective component of the deliberate indifference test requires that, before liability can be imposed, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). In 2016, the Tenth Circuit clarified that reasonable measures to guarantee the safety of inmates include "'serious investigation and response' when a prison official becomes aware of a risk to inmates, including sexual misconduct by prison employees." *Keith v. Koerner*, 843 F. 3d 833, 850 (10th Cir. 2016). Although the court does not speculate on whether Pierce's Eighth Amendment claim could survive a motion to dismiss, the court is satisfied—at least at this

3

screening stage—that Pierce has adequately alleged facts indicating that defendants Cannon, Gorman, and Waddington were subjectively aware of the alleged risk to him as required to establish an Eighth Amendment deliberate indifference claim.

Pierce's complaint also names Kobach and Zmuda as defendants. However, it does not set forth any facts about, or attribute any actions to, these individuals. Supervisors of prison officials cannot be held vicariously liable for the actions of those they supervise. *Keith*, 843 F.3d at 838. Rather "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The plaintiff "must show an 'affirmative link' between [the official] and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Keith*, 843 F.3d at 838 (quoting *Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760, 767 (10th Cir. 2013) (internal quotations omitted)). *See also Chavez v. Perry*, 142 F. App'x 325, 330 (10th Cir. 2005) (upholding dismissal of Secretary of Corrections where complaint did not allege facts connecting him to alleged constitutional violation); *Clayton v. Ward*, 232 F. App'x 827, 830 (10th Cir. 2007) (affirming dismissal of state Attorney General for failure to state a claim where plaintiff alleged no facts tying Attorney General to alleged constitutional violation).

Here, Pierce has not alleged any facts implicating Kobach or Zmuda, or suggesting that either had personal knowledge that Pierce was in danger. Thus, under the case law set out above, it would be impossible for Pierce to prevail on a § 1983 claim asserted against them. In other words, Pierce's complaint lacks any factual contention that one or both of these defendants, acting under color of state law, caused Pierce to be deprived of his Eighth Amendment rights—or any other federal right or privilege—as is necessary to support a § 1983 claim. *See* 42 U.S.C. § 1983. In pro se cases, as in others, "conclusory allegations without supporting factual averments are

insufficient to state a claim on which relief can be granted." *Chavez*, 142 F. App'x at 330 (quoting *Hall*, 935 F.2d at 1110). The court therefore recommends that the district judge dismiss Pierce's complaint as to Kobach and Zmuda.

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), Pierce may file written objections to this Report and Recommendation within fourteen days after being served with a copy. If Pierce fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this Report and Recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that the district judge dismiss Pierce's claims against Kobach and Zmuda, but allow his claim against Cannon, Gorman, and Waddington to proceed.

**IT IS ORDERED** that the Clerk issue summons to the U.S. Marshal or Deputy Marshal, who are appointed pursuant to Fed. R. Civ. P. 4(c)(3) to effectuate service upon Cannon, Gorman, and Waddington.

**IT IS FURTHER ORDERED** that the Clerk mail a copy of this Report and Recommendation to Pierce via regular mail and certified mail, return receipt requested.

Dated May 8, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell<br>Angel D. Mitchell<br>U.S. Magistrate Judge