IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOREHAI PIERCE,

    Plaintiff,

    v.

(FNU) CANNON, et al.,

    Defendants.

Case No. 5:24-CV-4033-JAR-ADM

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Morehai Pierce brings this action *pro se* and *in forma pauperis*, pursuant to 42 U.S.C. § 1983, against the following Defendants: (fnu) Cannon, an agent of Enforcement, Apprehensions, and Investigations ("EAI") at El Dorado Correctional Facility ("EDCF"); (fnu) Gorman, an officer at EDCF; William Waddington, the former Warden of EDCF; Kris Kobach, Kansas Attorney General, and Jeff Zmuda, Secretary of the Kansas Department of Corrections ("KDOC"). Presiding Magistrate Judge Angel D. Mitchell screened the Complaint under 28 U.S.C. § 1915(e)(2)(B). In a detailed Report and Recommendation ("R&R"), Judge Mitchell explained why Plaintiff failed to state a claim against Kobach and Zmuda, and recommended that the undersigned dismiss Plaintiff's claims against them.[1] However, construing Plaintiff's claims liberally, Judge Mitchell recommended that Plaintiff's claims against Cannon, Gorman, and Waddington proceed. Before the Court is Plaintiff's Objection to Judge Mitchell's May 9, 2024 Report and Recommendation (Doc. 14). As described below, the Court overrules and denies Plaintiff's objection, adopts the Report and Recommendation, and dismisses Plaintiff's claims against Kobach and Zmuda.

---

[1] Doc. 8.

**I.    Legal Standard**

Under 28 U.S.C. § 636(b)(1), when a party files objections to a magistrate judge's report and recommendation:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.[2]

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court."[3]  If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate.[4]

Because Plaintiff proceeds *pro se*, the Court construes his pleadings liberally.[5]  However, the Court does not assume the role of advocate.[6]  Also, Plaintiff's *pro se* status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based."[7]  Plaintiff is not relieved from complying with the rules of the court or facing the consequences of noncompliance.[8]

---

[2] 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

[3] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[4] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

[5] *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (citing *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

[6] *See id.*

[7] *See id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[8] *See id.* (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted).

**II.     Discussion**

In Plaintiff's one-paragraph objection to the R&R, he mentions only Defendant Cannon, and observes that Cannon will provide critical, but unreliable, testimony.  Plaintiff also reserves the right to assert any future objections during this action.  Plaintiff does not argue that Judge Mitchell erred in any way.  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ."[9]  Given the lack of detail or argument in Plaintiff's filing, the Court finds that the objection fails to preserve any specific issue for *de novo* review, and therefore, the Court need not further address the objection.

Moreover, upon a *de novo* review, the Court accepts Judge Mitchell's recommendation to dismiss Kobach and Zmuda from this action.  Under the *in forma pauperis* statute, a court shall dismiss a plaintiff's case if the court determines the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[10]  After Judge Mitchell granted Plaintiff leave to proceed *in forma pauperis*, she liberally construed the Complaint to raise Eighth Amendment claims for deliberate indifference, under a failure to protect theory.  Judge Mitchell determined that it would be impossible for Plaintiff to prevail on a § 1983 claim against Kobach and Zmuda because Plaintiff failed to allege any facts implicating either Defendant, and did not allege that either had personal knowledge of the relevant events.  However, Judge Mitchell determined that Plaintiff's Complaint alleged some factual matter about Cannon, Gorman, and Waddington's knowledge of the underlying assault; therefore, Plaintiff's claims against these

---

[9] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[10] 28 U.S.C. § 1915(e)(2)(B).

Defendants should survive screening.  The Court finds no error in these recommendations and adopts the Report and Recommendation as its own.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objection to the Report and Recommendation (Doc. 14) is **overruled and denied**.

**IT IS FURTHER ORDERED BY THE COURT** that the Court adopts as its own Magistrate Judge Angel D. Mitchell's May 9, 2024 Report and Recommendation (Doc. 8).  In accordance with that Report and Recommendation,  Plaintiff's claims against Defendants Kris Kobach and Jeff Zmuda are hereby **dismissed**.

**IT IS SO ORDERED.**

Dated: June 5, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
