IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MOREHEI PIERCE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 24-4033-JAR-ADM |
| | ) |
| **STATE OF KANSAS,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANTS' MOTION TO DISMISS

Defendants John Cannon and (FNU) Gorman ("Defendants"), respectfully request, through Assistant Attorney General Matthew L. Shoger, that this Court dismiss the claims against them under Fed. R. Civ. P. 12(b)(1), (b)(5), and (b)(6). Defendants state the following in support.

## NATURE OF THE CASE

Plaintiff Morehei Pierce alleges that in 2020, while incarcerated under the Kansas Department of Corrections ("KDOC") at the El Dorado Correctional Facility ("EDCF"), he was placed in a cell with a known sexual predator, was threatened with a weapon by the inmate, and when he asked for help from Gorman, was ignored. (Doc. 1 at 5.) Pierce claims that he was ultimately removed by mental health personnel out of the cell, was medically examined, and the staff confirmed that he had been sexually assaulted. (Doc. 1 at 5.) Pierce alleges Cannon covered up the findings. (Doc. 1 at 5.)

Pierce filed this lawsuit April 30, 2024. (Doc. 1.) He brings suit based on an alleged violation of 42 U.S.C. § 1983. (Doc. 1 at 4.) Pierce seeks compensatory damages in the amount of $10,000,500,000 for the alleged ongoing medical bills relating to the alleged rape,

embarrassment, and humiliation. (Doc. 1 at 6.) On June 5, 2024, the Court dismissed, on screening, Pierce's claims against Defendants Kris Kobach, Attorney General for the State of Kansas, and Jeff Zmuda, Secretary for KDOC. (Doc. 17 at 4.) The Court construed the Complaint as raising "Eighth Amendment claims for deliberate indifference, under a failure to protect theory." (Doc. 17 at 3-4.) Based on the undersigned's correspondence with KDOC, no current or former employees have gone by the name "William Waddington," although a Douglas Waddington was formerly warden at Larned State Correctional Facility (LSCF).

Pierce's official-capacity claims against Defendants should be dismissed for lack of subject-matter jurisdiction due to the Eleventh Amendment's bar on official-capacity claims for monetary damages. The Court should dismiss remaining claims upon the Defendants based on improper service of process and failure to state a claim due to the statute of limitations.

## QUESTIONS PRESENTED

I. Does the Eleventh Amendment bar Pierce's § 1983 claims against Defendants in their official capacities?

II. Are Pierce's claims against Defendants in their individual capacity properly before this Court when they were not lawfully served as individuals?

III. Are Defendants entitled to dismissal of Pierce's claims when they are untimely and barred by the applicable two-year statute of limitations?

## ARGUMENTS AND AUTHORITIES

### *Standard on Motion to Dismiss for Lack of Subject-Matter Jurisdiction*

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject-matter jurisdiction. Pierce, as the party invoking the Court's jurisdiction, bears the burden of showing its existence. *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A court lacking

jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

### *Standard on Motion to Dismiss for Improper Service*

This Court has previously summarized the standard for Rule 12(b)(5) motions:

> A Rule 12(b)(5) motion challenges the mode or lack of delivery of a summons and complaint. Objections to the sufficiency of process must be specific and point out in what manner the plaintiff has failed to satisfy the service provision utilized. When a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service. A *pro se* party is not relieved of her obligation to comply with the service of process requirements under Fed. R. Civ. P. 4.

*Lewis v. Wyandotte/Leavenworth Area on Aging*, No. 10-2109-JWL, 2010 WL 2735563, at *2 (D. Kan. July 9, 2010) (citations omitted). A party does not waive the defense of insufficient service of process by joining it with other arguments. *Smith v. TFI Fam. Servs., Inc.*, No. 17-2235-JWB, 2019 WL 1556250, at *3 (D. Kan. Apr. 10, 2019). Accordingly, special limited appearances are not required. *Id.*

### *Standard on Motion to Dismiss for Failure to State a Claim*

On a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded factual allegations in the complaint, *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), but a complaint must also contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court need not accept as true those allegations that state only legal conclusions.

*Iqbal*, 556 U.S. at 678. Under this standard, a plaintiff's claim must cross the line from "conceivable to plausible," and "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Although courts have traditionally construed *pro se* pleadings in a liberal fashion, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Similarly, courts do not assume the role of an advocate for the *pro se* litigant by constructing arguments or searching the record for potentially viable theories. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). A *pro se* litigant is expected to construct his or her own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this circuit. *Id.* at 840-41.

## I. The Eleventh Amendment bars Pierce's § 1983 claims against Defendants in their official capacities.

"The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). "This immunity extends to arms of the state and to state officials who are sued for damages in their official capacity." *Id.* As such, employees of KDOC share the state's immunity from suits against them in their official capacities. *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). Because of the presumption that statutes do not abrogate this immunity, state agencies do not even count as "persons" amenable to suit under § 1983, and neither do state officials sued in their official

capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-67, 71 & n.10 (1989).

A narrow exception to sovereign immunity allows a plaintiff to seek prospective relief against a state official for ongoing violations of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). But the Eleventh Amendment bars claims for "retrospective declaratory relief" against state officials. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004). "Once effectively asserted, Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Williams*, 928 F.3d at 1212.

Here, Pierce requests monetary relief in the form of compensatory damages (Doc. 1 at 6), which are barred by the Eleventh Amendment as asserted against Cannon and Gorman in their official capacities. Pierce does not request prospective relief. Therefore, Pierce's claims against Cannon and Gorman in their official capacities should be dismissed for lack of subject-matter jurisdiction due to Eleventh Amendment immunity.

## II.     Service on the Defendants should be quashed as improper.

### A. Individual-capacity claims require service on a defendant as an individual.

"Without personal service in accordance with Rule 4(e), the district court is without jurisdiction to render a personal judgment against a defendant." *Scherer v. United States*, 241 F. Supp. 2d 1270, 1281 (D. Kan. 2003), *aff'd,* 78 F. App'x 687, 690 (10th Cir. 2003). Even if service is properly made on a defendant in an official capacity, service can be improper on that defendant in an individual capacity, requiring dismissal of the individual-capacity claims. *Id.* at 1282 (citing *Bartels v. Hecker*, 46 F.3d 1150 (table opinion), 1995 WL 24911, at *2 (10th Cir. Jan. 23, 1995)). Under Federal Rule of Civil Procedure 4(e), service on an individual must be made according to a method allowed by state law or by personal delivery to the individual, to a suitable resident at their dwelling, or to an agent authorized to receive service for the individual

in their individual capacity.

Here, service on the Defendants was made by return receipt delivery to their workplace, El Dorado Correctional Facility. (Docs. 10, 11.) Kansas law does not allow service for individual-capacity claims to be made by return receipt delivery to an individual's business address. *Fisher v. DeCarvalho*, 298 Kan. 482, 491-92 (2013); *Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1228-31 & n.5 (D. Kan. 2016). Neither does Rule 4. Therefore, no sufficient service has been made on Defendants in their individual capacities.

### B. Official-capacity claims require service on the Kansas Attorney General.

Under Rule 4(j), service for official-capacity claims must be done in one of two ways: (1) delivering the summonses personally to the chief executive officer of the agency at which the official works under Rule 4(j)(2)(A), or (2) sending the summonses by return receipt delivery to the Attorney General of Kansas under K.S.A. 60-304(d)(5) and Rule 4(j)(2)(B). *Fuller v. Kan. Dep't of Child. and Fams.*, No. 16-2415-DDC, 2018 WL 1412063, at *2 (D. Kan. Mar. 21, 2018). Mailing summonses to the employees' workplace is not a method authorized by the Federal Rules or Kansas law for service on government officials sued in their official capacity, so doing so does not constitute proper service. *Id.*

Here, service on the Defendants was made by return receipt delivery to their workplace, El Dorado Correctional Facility. (Docs. 10, 11.) Therefore, no sufficient service has been made on Defendants in their official capacities.

### C. The Court should dismiss claims for improper service when they would also be dismissed for failure to state a claim.

Although courts have discretion to extend the time for a plaintiff to serve a defendant, claims can properly be dismissed when the claims also fail to state a claim upon which relief may be granted. *Wanjiku*, 173 F. Supp. 3d at 1231-32 (citing *Ngiendo v. Soc. Sec. Admin.*, 547 F.

App'x 913, 914 (10th Cir. 2013)). Claims can be dismissed for both improper-service and failure-to-state-a-claim grounds. *Id.* Here, as argued in the next section, Pierce's claims also fail under Rule 12(b)(6), so the Court should dismiss Pierce's claims against Defendants under Rule 12(b)(5) and 12(b)(6).

### III. Defendants are entitled to dismissal of Pierce's claims because they are untimely and barred by the applicable statute of limitations.

"[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). The plaintiff then "has the burden of establishing a factual basis for tolling the statute." *Aldrich*, 627 F.2d at 1041 n.4.

#### A. Pierce's § 1983 claims are untimely under the applicable two-year statute of limitations.

For § 1983 claims, the forum state's statute of limitations for personal injury actions applies. *Jenkins v. Chance*, 762 F. App'x 450, 454 (10th Cir. 2019) (citing *Owens v. Okure*, 488 U.S. 235, 240-41 (1989)). If the forum state has multiple statutes of limitations for personal injury actions, the general or residual statute of limitations for personal injury actions applies. *Id.* (citing *Owens*, 488 U.S. at 249-50). In Kansas, the two-year statute of limitations under K.S.A. 60-513(a)(4) applies to § 1983 claims. *M.A.C. v. Gildner*, 853 F. App'x 207, 209 (10th Cir. 2021) (citing *Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984) (en banc)). Accrual of the federal action – and thus when the limitations period begins to run – is controlled by federal law. *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Accrual occurs upon knowledge (or constructive knowledge) of the injury. *Price v. Philpot*, 420 F.3d 1158, 1162

(10th Cir. 2005).

Here, Pierce brings § 1983 claims, so the two-year statute of limitations from K.S.A. 60-513(a)(4) applies. The assault allegedly occurred in "2020" (Doc. 1 at 4-5), Pierce "immediately" reported it to Officer Gorman who allegedly responded indifferently (Doc. 1 at 5), and Cannon allegedly covered up the assault in the results of an investigation into the matter, which Pierce signed and dated that he had received on November 13, 2020 (Doc. 1 at 5, 8). So Pierce would have had knowledge (or constructive knowledge) at least by then of the alleged deliberate indifference. Thus, the latest the § 1983 claims would have accrued is November 13, 2020.[1] Absent any tolling, the statute of limitations would have run two years later on November 13, 2022. But Pierce filed his complaint on April 30, 2024 (Doc. 1 at 4), more than two additional years after the statute of limitations would have expired. Therefore, unless the statute of limitations was sufficiently tolled, Pierce's § 1983 claims are barred by the applicable two-year statute of limitations.

**B. Pierce has not alleged a valid basis to toll sufficiently the statute of limitations.**

Pierce has not asserted any basis for tolling the statute of limitations. Even if the court considers any tolling due to the COVID-19 pandemic, any such tolling would be insufficient to render these claims timely. The Kansas Supreme Court issued administrative orders during the COVID-19 pandemic under authority granted by K.S.A. 20-172 that tolled limitations periods and statutory deadlines between March 19, 2020 and April 15, 2021. *Centrinex, LLC v. Darkstar Grp., LTC*, No. 12-2300-EFM, 2022 WL 16833759, at *4 (D. Kan. Nov. 9, 2022). As stated above, the latest the deliberate-indifference claims would have accrued is November 13, 2020.

---

[1] Although Pierce alleges that he recently learned the full extent of his injuries on March 7, 2024, that is irrelevant for statute-of-limitations purposes because "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994).

Because this was during the period of tolling for COVID-19, the two-year statute of limitations for the deliberate-indifference claims would not have begun to run until April 15, 2021, when the period of tolling for COVID-19 ended. *See* K.S.A. 20-172(d)(2). So the statute of limitations would have finished running for the alleged deliberate-indifference claims on April 15, 2023. Pierce filed his complaint over a year after that date, on April 30, 2024. (Doc. 1). Therefore, even considering any tolling due to the COVID-19 pandemic, Pierce's deliberate-indifference claims are untimely and barred by the applicable statute of limitations, so they should be dismissed for failure to state a claim.

## CONCLUSION

For these reasons, Defendants request that the Court dismiss Pierce's official-capacity claims against them for lack of subject-matter jurisdiction due to the Eleventh Amendment's bar on official-capacity claims. Defendants also request that the Court dismiss the remaining claims against them for improper service of process and failure to state a claim due to the statute of limitations.

    Respectfully submitted,

    KRIS W. KOBACH
    ATTORNEY GENERAL OF KANSAS

    */s/ Matthew L. Shoger*
    Matthew L. Shoger, KS No. 28151
    Assistant Attorney General
    Office of the Attorney General
    120 SW 10th Avenue, 2nd Floor
    Topeka, Kansas 66612-1597
    matt.shoger@ag.ks.gov
    (785) 296-2215
    Fax: (785) 291-3767
    *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of June, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy also served by means of first-class mail, postage prepaid, addressed to:

Morehei Pierce
1245 Marlowe Dr.
Montgomery, AL 36116
*Plaintiff, pro se*

                                           */s/ Matthew L. Shoger*
                                           Matthew L. Shoger
                                           Assistant Attorney General