IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MOREHEI PIERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-4033-JAR-ADM |
| | ) |
| (FNU) CANNON, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants John Cannon and (FNU) Gorman ("Defendants") submit this Reply in further support of their Motion to Dismiss (Doc. 18). Defendants assert that Plaintiff Morehei Pierce's Response (Doc. 22) fails to overcome their legal arguments. Accordingly, Defendants' motion should be granted in its entirety. Defendants incorporate herein, as if set forth in full, the arguments and authorities in their Motion. (Doc. 18.) Defendants' motion should be granted for the reasons previously stated.

As an initial matter, Pierce's Response does not address Defendants' arguments regarding Eleventh Amendment immunity or improper service at all.[1] Pierce suggests that the statute of limitations never started to run because an investigation into the alleged incident was supposedly never closed.[2] But, as Defendants argued in their Motion to Dismiss, the statute of limitations runs upon knowledge (or constructive knowledge) of the injury, with some possible tolling in

---

[1] Pierce also does not deny that no current or former employees of KDOC have gone by the name "William Waddington."

[2] The Notification of Investigation Status, which Pierce signed and acknowledged on November 13, 2020, provides the "outcome of the investigation" and says the "case may be reopened in the future should additional evidence become available." (Doc. 1 at 8); *see also Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (saying courts can consider on a motion under Rule 12(b)(6) documents that the complaint incorporates by reference). These facts indicate the investigation was considered closed at that time.

this case related to the COVID-19 pandemic. And Pierce misinterprets the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 *et seq.* – a federal statute authorizing the *United States* Attorney General to, in that official's discretion, initiate or intervene in certain civil cases – as requiring unspecified affirmative actions by the *Kansas* Attorney General (a different official, who is also not a defendant in this case). For these reasons and the reasons expressed in Defendants' Motion to Dismiss (Doc. 18), Defendants request that the Court grant their Motion in full.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of July, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy also served by means of first-class mail, postage prepaid, addressed to:

Morehei Pierce
1245 Marlowe Dr.
Montgomery, AL 36116
*Plaintiff, pro se*

                                                   */s/ Matthew L. Shoger*
                                                   Matthew L. Shoger
                                                   Assistant Attorney General