IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOREHEI PIERCE,

    Plaintiff,

    v.

(FNU) CANNON, et al.,

    Defendants.

Case No. 5:24-CV-4033-JAR-ADM

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Morehei Pierce filed this lawsuit *in forma pauperis*, pursuant to 42 U.S.C. § 1983, against the following defendants: (fnu) Cannon, an agent of Enforcement, Apprehensions, and Investigations at El Dorado Correctional Facility ("EDCF"); (fnu) Gorman, an officer at EDCF; William Waddington, the alleged former Warden of EDCF; Kris Kobach, Kansas Attorney General; and Jeff Zmuda, Secretary of the Kansas Department of Corrections. Plaintiff alleges that Defendants violated his rights by placing him in a cell with a known sexual predator, ignoring Plaintiff's reports that his cellmate threatened him with a weapon, and covering up a sexual assault that Plaintiff suffered at the hands of his cellmate. Presiding Magistrate Judge Angel D. Mitchell screened the Complaint under 28 U.S.C. § 1915(e)(2)(B). This Court, overruling and denying Plaintiff's objections, adopted Judge Mitchell's detailed Report and Recommendation to dismiss Defendants Kobach and Zmuda from this action.[1]

This matter is now before the Court on remaining Defendants Cannon, Gorman, and Waddington's Motion to Dismiss (Doc. 18) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), improper service of process under Fed. R. Civ. P. 12(b)(5), and failure to state a

---

[1] Doc. 8.

claim under Fed. R. Civ. P. 12(b)(6). The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court dismisses Plaintiff's case under Rules 12(b)(1) and 12(b)(6). Therefore, the Court need not address Defendants' argument for dismissal under Rule 12(b)(5).

## I.     Legal Standard

Defendants move to dismiss Plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim. Both grounds for dismissal are governed by Fed. R. Civ. P. 12(b).

### A.  Lack of Subject Matter Jurisdiction

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a claim where the court lacks subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[2] Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States or where there is diversity citizenship.[3] "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[4] The party asserting the existence of federal subject matter jurisdiction bears the burden of establishing that such jurisdiction exists.[5]

A motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack.[6] "[A] facial attack on the complaint's allegations as to subject

---

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (first citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); and then citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

[3] 28 U.S.C. § 1331 (federal question); *id.* § 1332 (diversity of citizenship).

[4] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73 (10th Cir. 1962)).

[5] *Id.* (citing *Becker v. Angle*, 165 F.2d 140 (10th Cir. 1947)); *Ayala v. New Mexico*, No. 23-2013, 2023 WL 3374112, at *1 (10th Cir. May 11, 2023) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[6] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

matter jurisdiction questions the sufficiency of the complaint."[7]  "A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction."[8]  Here, Defendants question the sufficiency of the Complaint and bring a facial attack.  When the attack on subject matter jurisdiction is facial, as in this case, "a district court must accept the allegations in the complaint as true."[9]

### B. Failure to State a Claim

Fed. R. Civ. P. 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[10] and include "enough facts to state a claim for relief that is plausible on its face."[11]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[12]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[13]  The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[14]

---

[7] *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

[8] *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (citations omitted).

[9] *Id.* (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *see also Gosselin v. Kaufman*, 656 F. App'x. 916, 918 (10th Cir. 2016).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[11] *Id.* at 570.

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[13] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[14] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### C. *Pro Se* Standard

Because Plaintiff proceeds *pro se*, the Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[15] Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[16] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[17] For that reason, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[18] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[19] Furthermore, Plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[20]

## II.   Background

The following facts are derived from Plaintiff's Complaint and construed liberally.[21] In 2020, Plaintiff was incarcerated at EDCF. His cellmate, Smith, was a "known sexual predator"

---

[15] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citing *Gagan v. Norton*, 35 F.3d 1473, 1474 n.1 (10th Cir. 1994)).

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *Id.*

[18] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing *Dunn v. White*, 880 F.2d 1188 (10th Cir. 1989)).

[19] *Whitney*, 113 F.3d at 1175.

[20] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); D. Kan. Local Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[21] Doc. 1.

who was in prison for rape.[22] On at least one occasion, Smith threatened Plaintiff with a shank—a weapon. Plaintiff immediately reported the threats to Officer Gorman, but, according to Plaintiff, Officer Gorman responded that he "didn't give a fuck."[23]

Plaintiff was ultimately moved out of the cell by mental health personnel and later examined by medical staff who confirmed that he had been sexually assaulted. Plaintiff alleges that it was Smith who sexually assaulted him. He further alleges that Cannon, who conducted an investigation of the alleged assault, "did a 'cover up' and said Plaintiff wasn't assaulted."[24] Plaintiff also believes that Officer Gorman's actions played a role in the alleged cover up.

On March 7, 2024, Plaintiff was examined by a medical professional in Alabama. Plaintiff alleges that the medical professional informed him that he had damage to his lower extremities. Plaintiff claims these injuries were the result of the sexual assault he endured in 2020 at EDCF.

## III.  Discussion

The Court construes Plaintiff's Complaint as asserting Eighth Amendment claims for deliberate indifference against Cannon, Gorman, and Waddington for their failure to take adequate steps to protect Plaintiff from being sexually assaulted by his cellmate, and for their failure to conduct a serious investigation and response when made aware of the sexual assault. Plaintiff does not specify whether he sues Defendants in their individual and/or official capacities; however, in construing the *pro se* Plaintiff's pleadings liberally and looking at the substance of his pleadings, the Court will consider the claims against Defendants in both their

---

[22] *Id.* at 5.

[23] *Id.*

[24] *Id.*

individual and official capacities.[25] Defendants move to dismiss Plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim. The Court addresses each argument in turn.

### A. Lack of Subject Matter Jurisdiction

Defendants first argue that dismissal is proper under Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction over Plaintiff's claims. Specifically, Defendants argue that the Eleventh Amendment bars Plaintiff's § 1983 claims against Defendants in their official capacities. The Court agrees.

When a defendant raises Eleventh Amendment immunity in a motion to dismiss, it implicates this Court's subject matter jurisdiction and, thus, arises under Rule 12(b)(1).[26] The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State."[27] The Eleventh Amendment grants immunity that "accord[s] states the respect owed them as joint sovereigns," "applies to any action brought against a state in federal court, including suits initiated by a state's own citizens," and "applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages."[28] An exception to Eleventh Amendment sovereign immunity allows plaintiffs to seek prospective relief where ongoing violations exist.[29]

---

[25] *See Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993) ("[W]here the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability.").

[26] *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942–44 (10th Cir. 2008).

[27] U.S. Const. amend. XI.

[28] *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007).

[29] *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1165 (10th Cir. 2012).

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."[30] "This immunity extends to arms of the state and to state officials who are sued for damages in their official capacity."[31]

Here, Plaintiff, a private individual, brought this action against Defendants, state officials in their official capacities, seeking money damages. Plaintiff does not seek prospective relief, nor could he since he does not allege any ongoing violation of his rights. Thus, the Court lacks subject matter jurisdiction over Plaintiff's § 1983 claims against Defendants in their official capacities because they are barred by the Eleventh Amendment.

### B. Failure to State a Claim

Defendants also argue that dismissal is proper under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Defendants argue that Plaintiff's claims are untimely and barred by the applicable statute of limitations. The Court agrees.

"A statute of limitations defense 'may be appropriately resolved on a [Rule] 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished.'"[32] "[T]he appropriate statute of limitations for § 1983 actions arising in Kansas is two years, under Kan. Stat. Ann. § 60–513(a)(4)."[33] "Though the two year limitations period governing . . . § 1983 claims is a creature of state law, federal law governs the question of accrual of federal causes of action, and thus, dictates when the statute of limitations begins to run

---

[30] *Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015) (citing *Bd. of Trs. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).

[31] *Williams v. Utah Dept's of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019).

[32] *Sierra Club v. Okl. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (alteration in original) (quoting *Lee v. Rocky Mountain UFCW Unions & Emps. Tr. Pension Plan*, No. 92-1308, 1993 WL 482951, at *1 (10th Cir. 1993)).

[33] *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (citing *Hamilton v. City of Overland Park*, 730 F.2d. 613 (10th Cir. 1984)).

for purposes of § 1983."[34]  Under federal law, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."[35]  "[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue,"[36] and "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable."[37]

The Court also borrows state tolling rules in § 1983 claims unless doing so would defeat § 1983's goals,[38] which include compensation for those injured by a deprivation of federal rights and deterrence to prevent future abuses of power.[39]  In response to the COVID-19 pandemic, the Kansas Supreme Court suspended all state statutes of limitations from March 19, 2020, through April 15, 2021.[40]  Application of the pandemic-related tolling rules does not defeat § 1983's goals.  Rather, it advances the compensation and deterrence goals by giving plaintiffs "ample time to pursue [their] claims during a global pandemic."[41]  The Court therefore applies Kansas's pandemic-related tolling rules in this case.

Here, Plaintiff alleges that in 2020, he was placed in a cell with a known sexual predator, threatened by his cellmate, and ignored when he tried to report the sexual assault.  Further,

---

[34] *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998).

[35] *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993) (collecting cases).

[36] *Id.*

[37] *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1216 (10th Cir. 2014) (alteration omitted) (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (2007)).

[38] *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *see also Johnson v. Garrison*, 805 F. App'x 589, 593 (10th Cir. 2020).

[39] *Robertson v. Wegmann*, 436 U.S. 584, 590–91 (1978); *see also Berry v. City of Muskogee*, 900 F.2d 1489, 1503 (10th Cir. 1990).

[40] *See* Admin. Order No. 2021-032 (Apr. 3, 2020); Admin. Order No. 2021-PR-020 (Kan. Mar. 30, 2021).

[41] *Bonilla v. City of New York*, No. 20-1704, 2020 WL 6637214, at *2 (E.D.N.Y. Nov. 12, 2020) (finding New York Executive Order No. 202.8, which tolled state statutes of limitations in response to the COVID-19 pandemic, applicable to § 1983 claims).

Plaintiff alleges that Cannon investigated the sexual assault allegations, but found Plaintiff's allegations unsubstantiated in an attempt to "cover up" the assault. Plaintiff signed the Notification of Investigation Status on November 13, 2020.[42] Thus, at the latest, Plaintiff became aware of all the bases for his § 1983 action by November 13, 2020, when he acknowledged that Cannon's investigation was concluded.

Plaintiff argues that his claims did not accrue on November 13, 2020, because Cannon informed Plaintiff that the investigation was not closed, and that additional information could be brought in at any time. Instead, Plaintiff argues that his claims accrued in February 2023, when he was released from incarceration. However, Plaintiff does not dispute that he became aware of all the bases giving rise to his § 1983 claim on or before November 13, 2020.

Applying the pandemic-related tolling rule, the limitations period for Plaintiff's claims did not begin until April 15, 2021, when the tolling period ended. The statute of limitations ran two years later on April 15, 2023—over a year before Plaintiff filed this lawsuit. Accordingly, Plaintiff's claims must be dismissed as time barred.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 18) is **granted** under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Clerk is ordered to enter a judgment of dismissal.

**IT IS SO ORDERED.**

Dated: November 15, 2024

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE

---

[42] Doc. 1 at 8.